Abigail Blackmer vs. Adm'r of Sam'l Blackmer, deceas'd.

*Bennington, F,bruaay, 1833.*

' That claims, carried before Commissioners of a deceased person's estate, must be settled as if all were done on the day of the decease.

That Commissioners must allow upon an annuity bond only what is due at the decease of the obligor. All after that is contingent; and, if it does fall due, may be prosecuted against the heirs, who may have assets fall to them.

That, if there be a bond in the penal sum of $1000, conditioned to pay $100 a year during the life of the grantee, the punctual payment of the first ten sums of $100 each, is no bar to a further pursuit of the bond, while the grantee lives.

A suit was commenced upon a bond of $1000, conditioned for the payment of $100 annually during the life of said Abigail. The ten first payments were punctually made and endorsed. Afterwards payments were refused, and a suit was commenced. The obligor died, and the suit was discontinued, and the claim carried before Commissioners. An appeal was taken from their decision to the County Court. There the cause was decided upon the following case, agreed to by the parties.

BENNINGTON,
February,
1833.

Blackmer
vs.
Blackmer.

It is agreed, that Samuel Blackmer, the obligor, died March 13, 1831.—That the estate was duly represented insolvent.—That the inventory of the whole estate, real and personal, was 4568 dollars and 61 cents, which is subject to the widow's dower.—That the amount of debts against the estate, allowed by Commissioners, was 2770 dollars and 77 cents, not including the plaintiff's claim ; and that there is a further debt against the estate, secured by mortgage, of about 200 dollars.—And that the sum allowed by the Commissioners, in favor of the estate, was 72 dollars 39 cents, which is the whole sum due the estate from all persons.

Upon the foregoing facts, the Court are to render judgement for such sum in damages as they shall think the plaintiff entitled to recover—hearing, on the trial, testimony as to the value of the annuity, if they shall adjudge such testimony admissible.—Either party being at liberty to except to the opinion of the Court, and to carry the case to the Supreme Court for revision.

On the hearing of this case, the Court rendered judgement for the plaintiff for the sum of $457,76. Of this sum, $272,94, was for the instalments due previous to the time of the death of Samuel Blackmer, March 13th, 1831, and the sum of $184,82 was the estimated value of the annuity thereafterwards to grow due. The defendant objected to the admission of testimony as to the value of the annuity ; but the Court admitted the testimony, and assessed the value of the annuity at $184,82 as aforesaid. To these decisions of the Court the defendant excepts, and prays that the case pass to the Supreme Court for their revision.

*Argument for the Administrator.*—I. As a general rule, in debt on a bond, the judgement cannot be carried beyond the penalty ; and the reason is, because the plaintiff has chosen her security, and there is no equity, that the Court should better her security for her.—*Francis' Maxims*, 4, 93.—1 *Saunders*, 58, *Gainsford* vs. *Griffith*, note a.— 2 *Wm. Blackstone's Rep.* 1190, *Brangwin* vs. *Perrot.*—6 *Term Rep.* 303, *Wilde* vs. *Clarkson.*—*Doug. Rep.* 49, *White* vs. *Sealy et al.*—1 *John. Rep.* 343, *The people* vs. *Gaine.*

BENNINGTON,
February,
1833.

Blackmer
vs.
Blackmer.

But, when the obligor comes into Court to be relieved against the penalty of a bond, the debt may be carried beyond the penalty; for, if he would have equity, he must do equity; and, therefore, interest may be allowed beyond the penalty of the bond.—Francis' Maxims, 4, 93.—1 Vt. Rep. 266, *Williams & Clark* vs. *Wilson & Leonard.*—1 East. Rep. 436, *McClure* vs. *Dunkin.*—Newland on Con. 335.—1 Poth. 183-4.

The penalty extends to the utmost that can ever be recovered for all and every of the breaches.—3 Bur. Rep. 1352, *Bird* vs. *Randall.*

Equity will consider sums of money, paid under a contract with a penalty, to be paid in part of it, and will not give relief beyond the reduced amount of such penalty.— Newland on Con. 332.

In the account of assets, a bond is never rated higher than the penalty is: it might injure creditors.—5 Vesey, 329, *Mackworth* vs. *Thomas.*

It appears from the bond and endorsements thereon, that the amount of the penalty had been paid in full before the commencement of this suit. If nothing had been paid before a suit, there is no doubt but that, after a judgement for the penalty, and the same money paid by the obligor, which has been now paid, he would have been discharged from all liability on the bond. If this doctrine be correct, the man, who does not pay any thing upon a bond until he is sued, will have to pay it but once. But, if he pays the amount of it without a suit, he may be compelled to pay the whole amount of the bond twice.

II. Where there is no subsisting debt or duty, or where the claim, if payable or to be satisfied at a future day, vests in contingency, and it is uncertain whether any demand will accrue, or not, the claim cannot be allowed.—2 Aikens' Rep. 56, *Jones* vs. *Cooper.*

A contingent security, if the contingency has not taken place, cannot be pleaded in bar to an action.—2 Aikens' Rep. 56, *Jones* vs. *Cooper.*—Cro Car. 363, *Goldsmith* vs. *Snyder.*

A similar principle prevails in the proof of claims under commissions of bankruptcy.

Bennington,
February,
1833.

Blackmer
vs.
Blackmer.

Debts not due at the date of the Commission of Bankruptcy, are not proveable.—Ham. Chan. Dig. 94.

Debts depending on a contingency, which has not taken place at the date of the Commission of Bankruptcy, cannot be proved.—Ham. Chan. Dig. 94.—2 P. Wms. 395.—Exparte East India Company.

A debt cannot be proved under a Commission of Bankruptcy, unless it be due and owing, and payable at all events.—3 Wils. Rep. 271, *Goddard* vs. *Vanderheyden.*—3 Term Rep. [435, *Hancock et al.* vs. *Entwisle et al.*—2 Stra. 1160.

It is essential to a claim allowable by Commissioners, that it be absolute, and that it do not depend on a contingency, which may never happen.—2 Aikens, 56.— 1 D. Chip. Rep. 164, *Selectmen of St. Albans* vs. *Curtis et al.*—Same, 230.

Growing payments of an annuity cannot be proved.—10 Vesey, 349—Exparte Granger.

Payments of an annuity not due, depend upon a contingency.—10 Vesey, 349—Exparte Granger.

And the rule to decide, whether a debt due from a bankrupt accrued before the bankruptcy or since, is, to consider whether the creditor could have enforced payment before the bankruptcy.—Ham. Chan. Dig. 94.—1 Term Rep. 369, *The King* vs. *Egginton.*—2 Aikens' Rep. 56, *Jones* vs. *Cooper.*

III. Where a bond, conditioned to do a single act, is forfeited, the whole amount becomes due, which is the reason that it may be proved under a Commission of Bankruptcy; but where a bond is conditioned to pay by instalments, or to do several acts at different times, and the condition is not kept by payment of one instalment, and the penalty consequently is forfeited, a judgement is rendered for the whole penalty, to stand as a security for future breaches, but the bond is not really forfeited for any thing more than for the instalments then due.

The cases where annuity bonds have been valued, are where covenant has been brought, and not debt, on the bond.

The plaintiff has not declared for the value of the annu-

ity, but for instalments for several years, which have not become due, and may never become due. Can she recover them in an action of debt on the bond? Could she recover them if the obligor were alive? Does the death of the obligor give the plaintiff any right, which she would not have had, if he had lived?

Bennington,
February,
1833.

Blackmer
vs.
Blackmer.

*The plaintiff contends,* 1st, That that part of the judgement of the County Court, that relates to the instalments, which, according to the terms of this bond, were in arrear at the *time of the death of the intestate,* was correct. The question, as to his liability for such instalments, has already been decided by this Court, in a previous suit upon this bond.

2d, That evidence, *as to the value of the annuity,* was properly admitted, and that judgement for the plaintiff to recover such value, was correct.

1st. According to the decision of this Court in the former suit, the intestate, had he lived, would *himself* have been liable for all future instalments, which might grow due, if they, together with the arrears, did not exceed the amount of the penalty.

2d, Though the obligor is dead, yet if there were no statute relating to insolvent estates, the administrator, or heirs, would be liable, so far as they had assets, for all instalments thus growing due.—Bac. Abr. Title Ex'rs & Ad'rs p. 1, and cases there cited.—*Jones* vs. *Cooper,* 2 Aik. R. 54. 1 Swift. Dig. 448.—2 Bl. Com. 340.

3d. By the statute, demands against insolvent estates, *though payable at a future day,* are to be allowed by the Commissioners.—Vt. Stat. p. 358, Sec. 92.

4th. The mere uncertainty of the sum claimed, constitutes no objection to its being allowed, if it be a demand *in presenti.*—*Jones* vs. *Cooper,* 2 Aik. R. 54.

This is a demand *in presenti.* For,

1st, There is a manifest distinction, it is concluded, between the case, where the event would *create* the claim, if it should happen, and that where it must happen to *defeat* the claim. In the former case (which is that of *Jones* vs. *Cooper, ubi sup.)* no demand could *arise,* if an uncertain event did not happen; but here, if the existing state of

Bennington,
February,
1833.

Blackmer
vs.
Blackmer.

things, to wit, the life of the plaintiff continues, (which is a natural presumption.—2 Stark. 1252) future instalments will continue to grow due.

The distinction is still more apparent, if it be true, that, in case of the plaintiff's death, this annuity can be apportioned.—2 Wm. Bl. 1016.

2d, The penalty of the bond is a demand *in presenti*; the condition only suspends it.—Per. Ld. Ch. Hardwicke, 1 Atk. 113, and the condition being broken, the claim should have been allowed.

5th, The defendant cannot be relieved from paying the penalty of the bond, which has become forfeited, but by paying what the plaintiff is in conscience entitled to.—2 Aik. 54.

In cases of bankruptcy, see *Hancock* vs. *Entwisle et al.* 3 Term R. 435, (2 Wm's Abr. 270.)—*Hodgson* vs. *Bell*, 7 Term. R. 97, (2 Wm's Abr. 251.)—Exparte *Grovenor* and *Winchester*, 1 Atk. 115. So in case of *annuity bonds, Perkins* vs. *Kempland*, 2 Wm. Bl. 1106.—Exparte Le Compte, 1 Atk. 251.—Exparte Bettou ib. 252.

If the plaintiff should not be allowed to recover for instalments to grow due after the death of the obligor, it would be a greater hardship upon her than would have been the above cited cases upon the creditors, had it been there decided, that the demands were not proveable under a Commission of Bankruptcy; for, in these cases, if such had been the decision, the certificate of bankruptcy would have been no bar to an action, wherever the contingencies did happen. *Here*, if the estate is insolvent, the claim of the plaintiff, if not allowed, must forever sleep, though she live a century.

The reason of the above decision does not fail now that *Courts of Law* have equitable jurisdiction to relieve from penalties.

Many of the above decisions have been made *since the* Stat. 8 & 9 *Wm.* 3d, of which ours (see p. 88, § 99) is a transcript.

Hutchinson, C. J.—Pronounced the opinion of the Court. One part of this case is put at rest, by the decis-

BENNINGTON,
February,
1833.

Blackmer
vs.
Blackmer.

ion of this Court in a former suit upon this bond. The only question, litigated in that suit two years ago, was, whether the ten payments of $100 each, indorsed as they fell due from year to year, and amounting in the whole to the penalty of the bond, was a bar to any suit for after payment, falling due in the life time of the grantee, the present plaintiff? This Court decided, that those payments were not a bar to the suit then pending. As that opinion was not pronounced, till the year following, and the obligor died in the mean time, and the claim was laid before the Commissioners pursuant to the statute in such case provided, the decision of this Court did not entitle the plaintiff to execution. That the decision, however, was made upon so full consideration, we are disposed to observe it as good authority on the same question now before us. Neither has any thing new been presented, which tends to create any doubt of the correctness of that decision. This necessarily leads to the affirmance of the judgement of the County Court, so far as relates to the sum of $272,94, due at the decease of the obligor.

The next question regards the valuing the annuity. The County Court admitted the evidence, though objected to, and allowed $184,82, as the value of the annuity, that remained after the decease of the obligor. While investigating this question, we must bear in mind, that this claim is urged against the estate of the deceased obligor, whose estate was represented insolvent; and that this claim was laid before the commissioners of claims upon his estate, and comes by appeal from their decision to the County Court, and by exceptions from the County Court to this Court, as by a writ of error. With regard to the law upon this point, (and there is now no dispute about facts) we must decide just as the commissioners ought to have decided. Just as we should decide, were we sitting as commissioners upon the estate of the obligor. This Court has, several times, decided, that commissioners must always decide the claims, laid before them, as they existed on the day of the decease of the person, on whose estate they act. No after circumstance should be brought in to affect their decision. All debts, existing at the time of the decease, whether become payable or not, must be al-

BENNINGTON,
February,
1833.

Blackmer
vs.
Blackmer.

lowed. What is not then a debt, must not be allowed by reason of any prospect of its becoming so at a future day. A covenant of warranty in a deed is not considered a debt, till the covenant is broken. If the law were otherwise, it would do great injustice to the creditors, whose debts ought to be paid as far as the property extends. It would serve to lock up the property from such creditors, to await the breach of some covenant or covenants, that may never be broken; and wholly prevent a final settlement of the estate. Persons, who hold such covenants, must bear the risk of finding, after they are broken, and a cause of action exists, heirs, who have received assets from their ancestor, the covenantor. They can have no other remedy.

A bond, conditioned to pay monies or perform services at future periods, that are certain to arrive, is a debt *in presenti*, to the amount of what is required by the condition to be paid or performed. In all such cases, the sum due, or that will fall due, in equity, is considered the debt, if it do not exceed the penalty. After the modern statutary provisions for courts of law to chancer bonds, and give judgement for only the sum due in equity, upon the matters, named in the condition, the penalty is considered as merely a security, and mean of collecting, the sum due by the condition.

Now, transferring ourselves back to the day of the decease of the obligor, and how do we find this claim for any thing not already due? Is it certain, that it ever will become due? It depends wholly upon the continued life of the obligee; and upon her living, too, to the end of a year, when a payment would become due, according to some authorities. At the decease of the obligor, this claim had no existence. The plaintiff might live so as to have a debt accrue; she might die the next day, in which case it never would accrue.

Annuities have not been much in vogue in this state.—— And our statute, for the distribution of the estates of persons deceased, contains no provision that can vary this from other contingent cases. The statute provides for two classes of cases. One class is composed of those claims, that can be fairly called existing debts at the time of the decease, whether they be then due and payable, or

will certainly become so at some future day. All these stand good against the estate, and come in for payment, or a dividend. The other class is composed of such as are not then existing debts, but may or may not, become existing debts at some future day, and upon the happening of some uncertain event. These, if they ever become debts, must not prevent settling the estate of the deceased, while that event is happening; but must afterwards find assets in the hands of some heir; or remain unsatisfied. The plaintiff must share with the other creditors in collecting the sum due at the decease of the obligor. Any thing further cannot be allowed her in this action.— The judgement of the County Court is reversed with regard to the sum of $184,82, which had not accrued at the decease of the obligor. And is affirmed with regard to the remaining sum. The Clerk must certify this decision to the Court of Probate.

*Southworth*, for plaintiff.
*Blackmer*, for defendant.