JOHN R. LYTLE *v. Estate of* RICHARD BOND ; LEWIS N. SPRAGUE, WM. H. CARR, *Administrators.*

*Contingent Claim.    Probate Court.*

A claim against the estate of a deceased person, which was contingent at the time of his decease but became absolute before the expiration of the time limited for creditors to present their claims for allowance by commissioners upon the estate, may not, after it becomes absolute and while the commission remains open, be properly presented to the probate court for allowance as a contingent claim, but should be presented to the commissioners for allowance as an absolute debt.

The plaintiff's claim was a promissory note executed by the intestate, August 2d, 1865, payable in fifteen days, and endorsed by the plaintiff for the accommodation of the intestate. Before said note became payable the intestate died, and the note was paid by the plaintiff, September 5th, 1865. *Held,* that the plaintiff's claim should have been presented before the commissioners as an absolute claim instead of before the probate court as a contingent claim.

THIS was an appeal from a decree of the probate court disallowing a claim presented by John R. Lytle, March 30th, 1866, as a contingent claim against the estate of Richard Bond, deceased. The

plaintiff declared in his declaration that the said Richard, in his life-time, to wit, on the 2d day of August, 1865, at Salem, etc., by his promissory note in writing, dated, etc., promised to pay to the order of said John R., four hundred dollars, fifteen days after date, at the Bank of Salem; which note John R., for the accommodation and at the request of said Richard, then and there endorsed and delivered to the Bank of Salem; and said Richard afterwards, and before the expiration of the fifteen days, to wit: on the 5th day of said August died, and John R. continued liable for said Richard as endorser of the note from the time of his endorsement until the time of the decease of said Richard, and neither said Lewis N. and William H., nor either of them have ever paid said note or relieved said John R. from his liability as endorser thereon. To the contingent damage of said John R., four hundred and fifty dollars.

The defendants in their second plea, pleaded that, on the 1st day of September, 1865, the plaintiff paid and discharged said promissory note, to the Salem Bank, whereby the claim of the plaintiff became and was absolute against the estate of Richard Bond; and afterwards, to wit, on the 10th day of September, 1865, commissioners were duly appointed by the probate court, to receive, examine and adjust all claims and demands of all persons against the estate of the said Richard Bond. The plaintiff demurred generally to second plea.

The court at the September Term, 1866, BARRETT, J., presiding, adjudged the second plea insufficient, and rendered judgment for the plaintiff,—to which the defendants excepted.

*Charles N. Davenport*, for the defendants.

The test by which it is determined whether a claim is or is not contingent is furnished by sec. 45, p. 406, General Statutes, *i. e.* can it be *"proved as a debt before the commissioners or allowed by them."*

When the plaintiff endorsed the note his claim was *contingent* for it was then *uncertain* whether, as endorser, he would ever be called upon to pay the note when he did pay it, September 1st, 1865, the liability of Bond if living, and of his estate if dead, became *absolute* to reimburse him for what he had thus paid. And when the plaintiff's claim became *absolute*, when it was no longer *uncertain* whether

Bond or his estate was indebted to the plaintiff, then his claim could be "proved as a debt before the commissioners," and if the proof was satisfactory it could be allowed by them. That this is the correct construction of § 45, is apparent from an examination of the following sections.

The practical construction of this statute since its passage has been what I now claim it should be. This is evident from the fact that no case has yet been before the court, since the revision of 1839, involving the question. Very few estates are settled in the probate court, where the question might not arise. No possible inconvenience can result by giving to this statute the construction which its language and intent evidently calls for. See *Jones* v. *Cooper*, 2 Aik. 54 ; *Lowry v. Stevens*, 6 Vt. 113 ; *Burgess* v. *Gates*, 20 Vt. 326 ; *Hobart* v. *Herrick*, 28 Vt. 627 ; *Waterman, Guardian*, v. *Wright*, 36 Vt. 164.

*Butler & Wheeler*, for the plaintiff.

The question whether this is an absolute claim or a contingent claim, is to be determined by its status at the time Bond died. *Blackmer* v. *Blackmer*, 5 Vt. 355. At that time the plaintiff was merely an accommodation endorser for Bond, and whether that liability would ever result in a debt from Bond to the plaintiff depended upon the contingencies of non-payment by Bond, protest and payment by the plaintiff. This was clearly a contingent claim which the plaintiff might present with the proper proof, to the probate court. G. S. 406, § 45 ; *Waterman* v. *Wright*, 36 Vt. 164.

The fact that the plaintiff has paid the note and that commissioners of claims have been appointed upon the estate, do not take away the plaintiff's right to present his claim to the probate court.

The opinion of the court was delivered by

STEELE, J. The question which this case is brought here to settle, is whether a claim against the defendant's estate, which was contingent at the time of the decease of the intestate, but became absolute before the expiration of the time limited for creditors to

Lytle *v*. Bond's Estate.

present their claims for allowance by commissioners upon the estate, might, after it became absolute, and while the commission remained open, be properly presented to the probate court for allowance as a contingent claim or must be presented to the commissioners for allowance as an absolute debt. The plaintiff insists that the character of a claim, and of the proceedings upon it is to be governed by its *status* at the time of the decease; that if it was then contingent it comes under the operation of the statutes relating to contingent claims and must first be acted upon as such, even though it became absolute before any presentment for allowance, and immediately after the decease. The defendant insists that if the claim becomes absolute before presentment it should be presented and allowed as an absolute claim. The result of the statute is to place contingent claims, which are duly proved, in such a position that if they become absolute within two years from the close of the commission, their holders shall receive payment "to the same extent as other creditors." G. S., p. 405, § 45, *et seq.* No one would be prejudiced, therefore, if, when they become absolute before presentment, they were passed upon precisely as other claims. The hearing upon them as absolute claims involves all the questions that would be heard if first passed upon as having been contingent at the time of the decease, and then, at a subsequent hearing, as having become absolute after the decease. Under the statute, claims may be presented and proved as contingent before either the probate court or the commissioners. The effect of the plaintiff's interpretation of the statute is that the claim in controversy, if it had been presented before the commissioners, should have been first passed upon with reference to its *status* at the decease, and reported to the probate court as a contingent claim. If reported as proved, the court should then have made an order or decree that the administrator should retain funds to meet it, and then if an appeal was not taken should immediately return it, if contested, to the same board of commissioners to pass upon it as an absolute claim although no more absolute than it was when adjudicated to have been contingent. It should then have been reported again to the probate court to stand just where it would have stood at first if these fictions had not been observed, and the claim had been passed

upon as it was in fact when originally presented. This meaningless ceremony, with its consequent delay and expense in the settlement of estates, where promptness and simplicity are especially desirable, should not be inferred to be intended by the statute. Unless such an intention expressly appears we should presume that this circuitous proceeding was only permissible when the fact that the claim was actually contingent made it necessary. The language of the statute applies this procedure to a contingent claim *"which cannot be proved as a debt before the commissioners or allowed by them."* The plaintiff insists that this is such a claim because the commissioners have no authority to allow claims which were not absolute at the decease, and relies in support of this proposition upon the case, *Blackmer* v. *Blackmer*, 5 Vt. 355. To this it is a sufficient answer that the decision of that case was made under a different statute from that which at present declares the authority of commissioners; that by the present statute their authority extends by express words over not only the allowance of contingent claims, but also over the determination of the question whether such claims have become absolute. The words *"which cannot be proved as a debt before the commissioners or allowed by them,"* must therefore be understood to relate to the condition of the debt and not to the authority of the commissioners. It is also to be remarked that the case, *Blackmer* v. *Blackmer*, cannot be treated as a decision of the question whether, under the statute even as it then stood, a claim which had become absolute after the decease and before presentment might not be allowed as an absolute claim. No such question arose in the case. The matter upon which, in that case, the commissioners passed, was contingent when *presented* as well as when the party died. No portion of the annuity had fallen due after the decease and before the presentment. Some of the remarks of the learned judge who pronounced the opinion of the court would indicate that he thought that the commissioners should pass upon the claim as it was at the decease, but his reasons are, to a considerable extent, inapplicable to change in the character of the claim which occurs after the death and *before the presentment,* and the effect of such a change does not seem to have been in question, or to have been one of the points called to his attention or to

the attention of the court. The result is, we think, the plaintiff's claim should have been presented before the commissioners as an absolute claim, instead of before the probate court as a contingent claim, and without expressing any opinion upon some minor points which were discussed, the judgment is reversed and judgment is rendered that the plea is sufficient, and for the defendant to recover his costs. Let the judgment be certified to the probate court.