FEBRUARY TERM, 1871. 645

University of Vt. and Agricultural College *v.* Baxter's Estate.

UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE *v.*
THE ESTATE OF CHESTER BAXTER.

*Declaration. Pleadings. Demurrer. Commissioners. Probate
Court. University of Vermont and State
Agricultural College.*

At common law executors were answerable absolutely upon all causes of action that survived to the same extent the testator was, so far as they had assets.

In this state when commissioners are appointed, no action according to the course of the common law is allowed against executors or administrators except ejectment to recover real estate, or replevin to recover specific personal property. No other action can be prosecuted otherwise than by being presented to the commissioners.

The jurisdiction of commissioners extends only to the determination of the validity of the claims. They have nothing whatever to do with the assets. The distribution of the assets of the estate in satisfaction of the judgment appertains to the probate court.

The notes and subscription paper declared upon, were executed by B., the testator, to the University of Vermont. The pleas allege that said notes and subscription paper were gifts to said University, and that B. at the date of their execution was insolvent and remained so until his death; that debts to a large amount which B. owed when he executed said notes and subscription are still unpaid, and his estate is insolvent. *Held* that these pleas do not set forth a good defense to the causes of action declared upon as against the University of Vermont.

By the express terms of section 12 of the act incorporating the plaintiffs, the act was to take effect whenever the two corporations, (University of Vermont and State Agricultural College,) thereby united, should vote to accept the same and to surrender and relinquish to the corporation thereby created all the property belonging to them. The declaration alleges the organization of the plaintiff corporation and a vote by the University of Vermont to accept the act and to surrender and relinquish its property to the plaintiff, but it does not allege any such vote by the State Agricultural College. The declaration therefore fails to show such facts as are necessary to make said act operative so as to vest the right to recover upon these causes of action in the plaintiff, and in this respect is bad.

\* ASSUMPSIT upon appeal from commissioners, as per declaration. To which defendant pleaded non assumpsit and five special pleas in bar. To the 3d, 4th, 5th and 6th of said pleas the plaintiff demurred.

The court, at the December term, 1870, BARRETT, J., presiding, *pro forma* adjudged said pleas named in said demurrer sufficient,

---

\* It did not appear from the case which party was the appellant, or who was the executor.

and rendered judgment for the defendant. To which the plaintiff excepted.

The first count of the declaration is upon a promissory note alleged to have been given by Chester Baxter to the University of Vermont, August 4, 1854, for $500 ; and sets forth in substance the provision of § 12 of the act of the legislature incorporating the University of Vermont and State Agricultural College, and alleges that, on the 15th day of November, 1865, at Burlington, the said corporation of the University of Vermont and State Agricultural College, in pursuance to a legal warning, was duly organized, and the said University of Vermont did then and there vote to accept the act of the legislature of the state of Vermont, passed at its October session, 1865, entitled an act to incorporate the University of Vermont and State Agricultural College. And did further at said place and time vote that, pursuant to the provisions of said act, said University of Vermont would, and did thereby, surrender and relinquish to the corporation created by said act all the property belonging to said University, both real and personal, and all the rents, profits and income arising therefrom, including the proceeds from the sale of land scrip named in said act, for the purpose and subject to all the rights, trusts and conditions in said act provided.

And the said corporation of the University of Vermont did at said Burlington, on said 15th day of November, 1865, vote to accept the act or charter of the united corporations, and elected nine persons of their number, who, in pursuance of said act of incorporation, should constitute the board of trustees provided for in section two of said act.

And the records, votes and doings of said meeting of said corporation were duly certified by the secretaries of their respective corporations, and left for record and duly recorded in the office of the Secretary of State at Montpelier, &c.

The second count is upon a promissory note alleged to have been given by said Baxter to the University of Vermont, August 4, 1855, for $500.

The third count is general, for money had and received by said Chester Baxter of the University of Vermont.

The fourth count is general, for money due and owing by said Chester Baxter to the University of Vermont " by virtue of a certain subscription paper."

And to each count, after the description of the cause of action, the same allegations are made as in the first count.

Pleas. 1st, non assumpsit ; 2d, the statute of limitations ; 3d, that the said subscription paper referred to in said fourth count was a proposed gift or gratuity on the part of said Chester Baxter to said University of Vermont, and was so understood by and between them at the time said Chester Baxter signed the same. And that at the time said Baxter signed said subscription paper he was largely indebted to various persons in an amount much beyond his ability to pay, and was then and there insolvent and unable to pay his just debts into a large sum, to wit, the sum of ten thousand dollars, and so remained insolvent from that time to the time of his death ; and many of the said debts existing against the said Baxter at the time he signed said subscription paper, as aforesaid, have never been paid or satisfied, and still remain against his estate, and have been duly proved and allowed against his estate by the commissioners on the same, to wit, (naming the creditors and their respective claims.)

And said estate has not assets sufficient to pay the same into a large amount, to wit, the amount of ten thousand dollars, and is wholly insolvent.

4th. The same as 3d plea, and alleges that at the time said Baxter signed said subscription paper, he, said Baxter, was largely indebted to various citizens of this state, to wit, in the amount of fifty thousand dollars, and had nöt then property within this state sufficient to pay his said indebtedness to citizens of this state, and was then and there in insolvent circumstances, and so remained ever thereafter, and at the time of his death was wholly insolvent, and unable to pay his just debts due to the citizens of this state, as aforesaid, in a large sum, to wit, the sum of ten thousand dollars ; and many of the said debts so existing against said Baxter at the time of his signing said subscription paper as aforesaid, have never been paid or satisfied and still remain against his estate, and have been duly proved and allowed by the commissioners on his estate ; and said estate has not assets sufficient to pay the same into a large amount, to wit, the amount of ten thousand dollars, and is wholly insolvent.

5th. The same as the 3d plea, and alleges that at the time said Baxter signed said subscription paper, he, Baxter, was largely indebted to various persons in a large amount, to wit,

fifty thousand dollars, which have never been paid and his estate is wholly insolvent and has not assets sufficient to pay the said just debts against the same, so proved and allowed as aforesaid.

6th plea alleges that the said promissory notes, said subscription paper, and all the causes of action described and set forth in said declaration, were proposed gifts or gratuities on the part of the said Baxter to the said University of Vermont, and were so understood between the said parties at the several times when the same were signed. And at the several times when said Baxter signed said notes and said subscription paper, said Baxter was largely indebted to various persons in a large amount, and so remained indebted ever thereafterwards until his death, and a large amount of his said just debts so existing against him at the several times of signing said papers have never been paid or satisfied, and have been duly proved and allowed against his estate by the commissioners on the same; and said estate is wholly insolvent, and has not assets sufficient to pay the said debts, so proved and allowed against the same, into a large sum, to wit, the sum of ten thousand dollars.

Replication. Issue joined on first and second pleas.

Special demurrer to 3d, 4th, 5th, and 6th pleas, alleging the following causes:

*First.*—That the said several pleas, and each one of them, in manner and form, as the same are above pleaded, amount to the general issue and tend to great and unnecessary prolixity of pleading; and the matters therein contained, if issuable, are issuable under the plea of the general issue.

*Second.*—Because the matters set forth in said several pleas cannot be made use of by the executor of said Chester Baxter, as a defense to this action.

*Third.*—For the reason that none of said several pleas set forth any knowledge of insolvency on the part of the testator at the time of signing said subscription paper or giving said note, or that said Baxter thereby intended to defraud or did defraud his creditors.

*Fourth.*—For that there is no allegation in either or any of said pleas, that the creditors of said Baxter have ever been hindered, delayed or prevented in the collection of their said debts, or have ever been in any manner defrauded or injured thereby.

*Fifth.*—Because said third, fourth, fifth and sixth pleas are in other respects uncertain, informal and insufficient.

Joinder in demurrer.

*Charles P. Marsh* and *William Collamer*, for the plaintiff.

The two promissory notes declared upon acknowledge upon their face a consideration, and the subscription counted upon, having been accepted and acted upon, also became a contract based upon a sufficient consideration. *Patchen* v. *Swift et al.*, 21 Vt., 292; *Vt. Central R. R. Co.* v. *Clayes*, 21 Vt., 34; *University of Vt.* v. *Buell*, 2 Vt., 48; *State Treasurer* v. *Cross et al.*, 9 Vt., 289; *Troy Academy* v. *Nelson*, 24 Vt., 189; *Amherst Academy* v. *Cowles*, 6 Pick., 427; *Dartmouth College* v. *Woodward*, 4 U. S. Cond. R., 547.

A contract made upon a sufficient consideration to enable the promisee to sustain an action upon it at law, cannot be held to be a " gratuity " or " proposed gratuity."

If indebtedness at the times of making a contract, and insolvency at the time of death, are sufficient to entitle an administrator to contest successfully the validity of the contract, very few contracts could be enforced against such an estate.

The executor of Baxter cannot defend this suit unless the testator could have done so. The testator only could have done so for the reason that both the subscription and the notes are entirely without consideration. Whether such is the case can only appear upon the facts as found by a jury, or the court, upon trial.

*W. C. French*, for the defendant.

The demurrer admits that the notes and subscription were proposed " *gifts or gratuities* " to the University of Vermont. The plaintiff can stand in no better situation than if the *proposed gift* had become a *perfected gift* by payment. A perfected gift is not good as against existing creditors. 2 Black. Com., 441; 2 Kent's Com., 440; *Read* v. *Livingston*, 3 John. Ch., 481, 500; *Sexton* v. *Wheaton*, 8 Wheat., 229; *Jackson* v. *Seward*, 5 Cowen, 67.

The executor represents the creditors so far as their rights are concerned; they are to be first considered, and have the first right to the property. Gen. Stat., 380, §§ 29 & 32.

The declaration is defective in not alleging an acceptance of the new corporation by the State Agricultural College and a sur-

650 WINDSOR COUNTY,

University of Vt. and Agricultural College v. Baxter's Estate.

render of their property, &c., expressly required by the act before the new charter can take effect. Acts, 1865, 102, § 12.

The general demurrer strikes back to this defect in *substance* in plaintiff's declaration.

The opinion of the court was delivered by

WHEELER, J.  Each count in the plaintiff's declaration sets forth an agreement by Chester Baxter with the University of Vermont upon consideration, and with a breach sufficient to constitute a good cause of action in favor of that institution against him.  The pleas, put in issue by the demurrer, do not deny the consideration ; if they did, they would be bad upon this special demurrer, for that would amount to the general issue.  Neither do they set forth what would have been a good defense to the several causes of action for Baxter himself, nor is it claimed by the defendant that they do.  But the defendant claims that the pleas show that there is no estate that should go to satisfy these causes of action, and that this is a good answer to them for him as executor.  The plaintiff contests this claim, and here has been the principal controversy at this hearing.  At common law executors were answerable absolutely, upon all causes of action that survived, to the same extent that the testator was, so far as they had assets ; and were liable to judgment to be satisfied of assets they might afterwards have, if they had not sufficient at the time of the judgment.  In this state no action, according to the course of the common law, is allowed against executors or administrators except ejectment, to recover some real estate, or replevin to recover some specific personal property.  General Statutes, 401, § 15.  *Boyden* v. *Ward, Administrator*, 38 Vt., 628.  No other action can be prosecuted otherwise than by being presented to commissioners.  The commissioners are appointed to receive, examine and adjust claims against the deceased.  Gen. Stats., 400, § 1.  They have jurisdiction of all actions that survive by the common law, and several others in addition.  Gen. Stats., 391, §§ 10, 11, 12.  But their jurisdiction extends only to the determination of the validity of the claims.  They have nothing whatever to do with the assets.  Some of the property of the

estate may be liable to go in satisfaction of some of the claims, and not of others. Homesteads and the products of them, and other property subject to peculiar exemptions, are frequently so situated. But the commissioners are not authorized to render any judgment to be satisfied out of any particular property. The distribution of the assets of the estate in satisfaction of the judgments appertains to the probate court, acting independently of the commissioners. *Perrin, Aam'r*, v. *Sargent*, 33 Vt., 84. Neither have the commissioners, as the law now stands in this state, anything to do with any question arising out of the solvency or insolvency of the estate. Their judgments are generally all as of one date; and are always so except for the purpose of supplying some accidental or irregular omission. The judgments are perfected by the action of the probate court upon them, and all of them become final when any of them do, so far as the action of the commissioners is concerned, if all the proceedings are regular and in order. There are no means for making the assets known to the commissioners, and neither the existence or want of assets is made in any way the foundation of any judgment by them. The questions that they pass upon pertain wholly to the liability of the deceased, and not at all to his ability to meet his liabilities. Their judgments are like that part of the judgments at common law, in actions against executors and administrators, which pertains to the cause of action, aside from that part which pertains to the satisfaction of the judgments. On appeal from the decision of commissioners, the appellate court should decide the same as the commissioners ought to decide. The judgments, when rendered, are certified back to the probate court, where the judgments of the commissioners are, and they stand there, with the judgments of the commissioners, in all things as if made by them. This is an appeal from a decision of the commissioners on the estate of Baxter, and these pleas do not set forth a good defense to the causes of action declared upon, as those causes of action accrued to the University of Vermont. The University of Vermont and State Agricultural College, another corporation, is the plaintiff here. The causes of action that accrued to the University of Vermont were not assignable by that institution so as to

be suable in the name of an assignee. No action can be maintained in the name of any other party upon those causes of action, unless the rights of action that accrued to the University of Vermont have, by operation of law, accrued to the other party. No such right is claimed to have accrued to this plaintiff by the force of any law, except the act to incorporate the plaintiff. Laws of 1865', No. 83, p. 96. By the express terms of section twelve of that act, it was to take effect whenever the two corporations thereby united should vote to accept the same, and to surrender and relinquish to the corporation thereby created all the property belonging to them, and there is no provision in the act that it should take effect otherwise. The declaration alleges an organization of the plaintiff as a corporation, and a vote by the University of Vermont to accept the act and to surrender and relinquish its property to the plaintiff, but it does not allege any vote by the State Agricultural College, the other corporation, either to accept the act or to surrender and relinquish its property to the plaintiff.' The declaration therefore fails to show such facts as are necessary to make the law operative so as to vest the right to recover upon these causes of action in the plaintiff. A declaration should set forth not only a good cause of action in favor of some party, but a good cause of action in favor of the plaintiff in the suit, against the defendant. This declaration sets forth no cause of action in favor of the plaintiff against the defendant, and in this respect is bad. The pleas are sufficient for the declaration, and the judgment of the county court is correct.

Upon motion of the plaintiff, and the suggestion that this defect can be supplied by amendment, the *pro forma* judgment of the county court should be reversed, *pro forma*, with leave for the plaintiff to amend, upon the usual terms as to costs.

Judgment reversed, *pro forma*, and cause remanded.