## NATIONAL BANK OF CHELSEA

v.

## H. M. MILLER AND J. G. FITTS.

MAY TERM, 1894.

*Chattel mortgage.    Replevin by mortgagee against officer attaching interest of mortgagor.*

A mortgagee, to maintain replevin for property to which he holds title by chattel mortgage, against an officer who has taken the same in execution against the mortgagor, must show that such officer has unlawfully taken or detained the property ; that is, that he holds it in a way inconsistent with the statutes permitting the attachment and sale of the mortgagor's interest.    It is not enough that he has levied upon and advertised it for sale.

Replevin to recover one mare and colt.    Heard upon the report of a referee at the December term, 1893, Orange county, START, J., presiding.    Judgment *pro forma* for the return of the property, and that the defendants recover their costs.    The plaintiff excepts.

The plaintiff claimed title to the property under a chattel mortgage, it being the same chattel mortgage drawn in question in the suit *First National Bank of Chelsea* v. *Fitts, supra,* 57.

The plaintiff placed this mortgage in the hands of one Collins, a deputy sheriff, with instructions to advertise and sell the property therein named according to law.    Collins

saw the defendant Fitts and removed the property. The mare and colt were then in the barn where Fitts lived. As to the other property, Fitts said he had none to deliver. Collins advertised said mare and colt for sale under said chattel mortgage, the date of said sale being February 13, 1891. On that day Collins adjourned the sale, but for what reason and to what time did not definitely appear.

Before the time arrived to which the sale had been adjourned, the defendant Miller, as deputy sheriff, had attached the same mare and colt on a writ in favor of one Keniston against the defendant Fitts, and on February 25, 1891, having meantime received an execution in. said suit, the defendant Miller, as deputy sheriff, levied on the mare and colt in dispute, moved the same from the barn of the defendant, and immediately advertised them for sale upon said execution, according to law, but before the day of the sale said mare and colt were taken from his possession on the suit of replevin in this case.

At the time of the bringing of the replevin suit the defendant Fitts had no possession or control over the mare and colt.

*J. K. Darling* for the plaintiff.

Although the defendant Fitts was not in possession of the property at the time it was replevied, he is still a proper party, for he was the general owner of it. *Collomore* v. *Page*, 35 Vt. 391 ; *Fish* v. *Wallace*, 51 Vt. 418 ; *Farnham* v. *Chapman*, 60 Vt. 338.

*John H. Watson* and *A. M. Dickey* for the defendant.

Even though the mortgage should be held valid, the mare and colt were subject to attachment and sale on execution, and were, therefore, rightfully in the possession of defendant Miller. R. L., chap. 65 ; Acts of 1888, No. 69.

START, J.    The plaintiff claims the property replevied under a chattel mortgage from defendant Fitts.    Defendant Miller claims that, at the time the property was replevied, he had lawful possession of it for the purpose of a sale upon an execution against Fitts.    It is found that defendant Miller, as deputy sheriff, took the property from the possession of defendant Fitts upon an execution against him and posted it for sale ; and that, before the day of sale, it was taken from his possession upon the replevin writ in this case.

In order for the plaintiff to maintain its action of replevin, the burden was on it to show an unlawful taking or an unlawful detention of the property.    R. L., s. 1230 ; *Deering & Co*. v. *Smith*, 66 Vt. 60.    This it has not done.    Upon the facts found we hold that defendant Miller lawfully took possession of the property, and that it does not appear that he unlawfully detained it ; and it is found that defendant Fitts had no possession or control of the property at the time it was replevied.

R. L., s. 1180, authorizes the taking and sale of mortgaged personal property upon execution as the property of the mortgagor.    R. L., s. 1181, provides that the officer taking such property on execution may demand of the mortgagee an account, in writing and under oath, of the amount due upon the debt secured by the mortgage ; that the officer, without tender or payment of the amount due, may retain such property in his custody until such account is rendered ; that the mortgagee, if he resides in this state, shall render such account within fifteen days after such demand ; and that if he does not render such account, or if he renders a false account, such property may be sold discharged from such mortgage.    R. L., s. 1182, provides that, if such debt is due at the time of rendering such account, the creditor taking such property in execution may, within ten days after the account is rendered, pay or tender the amount so rendered to the mortgagee, and sell the property discharged

from such mortgage.   R. L., s. 1185, provides that, when the mortgage debt is not due at the time fixed for the sale, the creditor taking such property on execution may offer to pay the mortgage debt; and if the mortgagee refuse to receive the same, the property may be sold subject to such mortgage.   No. 69, of the Acts of 1888, provides that when such account is rendered the property may be sold subject to the mortgage, whether the mortgage debt is due or not.

So far as appears from the report of the referee, all the steps taken by Miller with a view to sell the property upon execution were lawful, and such as he might and would naturally take were he proceeding to sell it under the enactments above cited.   At the time the property was replevied, it was not too late to demand an account in writing and pay the mortgage debt, or sell the property subject to the mortgage.   There is nothing in the case to show that defendant Miller was proceeding to sell the property without regarding the plaintiff's mortgage.   So far as he has gone, he was proceeding as the statute authorizes.   At the time the plaintiff replevied the property, it could not assume that Miller would not demand an account in writing of the sum due upon the mortgage debt and sell the property subject to its mortgage, nor that the creditor taking the property on execution would not pay the mortgage debt and sell the property discharged therefrom.   For the purpose of selling the property in the manner authorized by the enactments above cited, Miller had a lawful right to take the property from the possession of the mortgagor and retain it, as against the mortgagee, for such time as was reasonably necessary to sell it in the manner provided for the sale of mortgaged personal property; and, it not appearing that he took or detained the property for any other purpose, or that there has been any unnecessary or unreasonable delay in the exercise of the

rights given by the enactments above cited, we hold that the defendants did not unlawfully take or unlawfully detain the property replevied.

*The pro forma judgment is affirmed.*

Thompson, J., being engaged in county court, did not sit.