### In re CLOUGH.
### In re SARGENT.
(District Court, D. Vermont. June 10, 1912.)

**1. BANKRUPTCY (§ 184\*)—CHATTEL MORTGAGE—AFTER-ACQUIRED PROPERTY.**

A chattel mortgage on after-acquired property of a bankrupt is valid under the statutes of Vermont against the mortgagor's trustee in bankruptcy if the mortgagee has taken possession, unless such possession was taken to afford a preference, though the possession was acquired within four months prior to the date of the mortgagor's bankruptcy petition and with knowledge that he was insolvent and contemplated bankruptcy,

and this though the property was subject to an attachment at the time possession was taken which was invalidated by the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. ATTACHMENT (§ 164*)—LEVY—POSSESSION OF ATTACHING OFFICER.
An attachment of personal property by a copy lodged in the town clerk's office, and made according to the Vermont statute, gives possession to the attaching officer.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 464–479; Dec. Dig. § 164.*]

3. BANKRUPTCY (§ 184*)—CHATTEL MORTGAGE—MORTGAGEE'S POSSESSION.
A bankrupt executed a mortgage on his stock of goods and fixtures, covering after-acquired property, in March, 1910. On May 6, 1911, his stock was attached in a creditor's action, the officer taking the key to the store from the bankrupt, locking it, and then handing the key back to the bankrupt as a custodian. On July 24th a deputy sheriff, for the mortgagee, attempted to take possession by borrowing the key from the bankrupt, going to the store, unlocking, and entering it, though the attaching officer informed him that he was in possession under the attachment. The deputy sheriff remained in the store for part of one day, then locked it, and retained the key until he delivered it to the bankrupt's trustee August 18, 1911. *Held*, that the possession of the attaching officer continued until it was dissolved by the bankruptcy adjudication, and that the deputy sheriff's attempt to take possession for the mortgagee was ineffectual, so that he acquired no rights as against the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In the matter of the bankruptcy of Frank C. Clough. The claim of Lee Q. Sargent was overruled by the referee, and he brings a petition for review. Affirmed.

Bert E. Cole, of Windsor, Vt., for claimant.
Stanley C. Wilson, of Chelsea, Vt., for trustee.

MARTIN, District Judge. The case comes up on an agreed statement of facts, which is, in substance, as follows:

March 18, 1910, the bankrupt, then in business, executed to the claimant a chattel mortgage on his store of goods for a valuable consideration, to wit, $2,000, which mortgage was duly executed and recorded according to the laws of the state of Vermont, and it contained a provision that "all the fixtures and furnishings which I own in said store and all the equipment which I own in said store and all the goods, chattels, wares, merchandise, fixtures, furnishings, and equipments which I may hereafter purchase and place in said store to replace those now in said store" shall be held for the payment of said note. On the 6th day of May, 1911, a suit was brought by a creditor of the bankrupt, attaching by copy in the town clerk's office all the goods, wares, merchandise, fixtures, etc., then in possession of said bankrupt, and the attaching officer, James O. Kendall, took the key to the store from the bankrupt, locked the store, and then handed the key back to the bankrupt. "On the 24th day of July,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1911, F. W. Fitzgerald, a deputy sheriff to whom the said mortgagee had delivered his said mortgage for foreclosure, went to South Strafford for the purpose of taking possession of the aforesaid stock of goods under the said mortgage. He obtained the keys of the store by borrowing them from the said Frank C. Clough (the bankrupt), with whom they had been left by the officer making the attachment, went to the store, unlocked the doors, which had been locked since the attachment was made, and went in. While he was there, the said Kendall, the officer who had made the attachment, went to the store, and Fitzgerald informed him that he was there to take possession under the mortgage of Lee Q. Sargent. Kendall informed Fitzgerald that the goods were all under attachment, and in his possession. Fitzgerald remained in the store, where the stock of goods and fixtures were, for a part of one day, locked up the store, and went away, retaining the keys. Said Kendall at no time authorized Clough (the bankrupt) to give up the keys. On July 27, 1911, the said Clough was adjudged a bankrupt on his voluntary petition. On the 18th day of August following the said James O. Kendall was appointed trustee of the said bankrupt estate, and demanded of the said Fitzgerald the keys of the store, and Fitzgerald surrendered them upon said demand." It is further agreed that the goods, wares, merchandise, and fixtures that were in said store at the time of the execution of the mortgage were worth $181.48.

The trustee claims that all the mortgagee can hold under said mortgage is the goods and fixtures that were in the store at the time the mortgage was given. The mortgagee claims that through his agent, Sheriff Fitzgerald, he obtained possession of all the goods and fixtures, and was in possession of the same when the bankruptcy proceedings were instituted, and therefore he is entitled to hold all of said goods and fixtures against the trustee. It appears that the amount due on the mortgage far exceeds the value of the goods and fixtures that were in the store at the time of the execution of the mortgage. The referee sustained the trustee's claim without an opinion.

[1] The questions that arise in this case involve the construction of the statutes of Vermont. This court should follow the decisions of the Supreme Court of the state. In Thompson, Trustee, v. Fairbanks, 75 Vt. 361, 56 Atl. 11, 104 Am. St. Rep. 899, the court held that:

"A chattel mortgage on after-acquired property, under which the mortgagee has taken possession of such property with the mortgagor's consent, is valid against the mortgagor's trustee in bankruptcy, in the absence of an express finding that such possession was taken for the purpose of affording a preference, though possession was so acquired within four months prior to the date of the mortgagor's petition in bankruptcy, and with knowledge that the mortgagor was insolvent and contemplating bankruptcy proceedings. This result is not prevented by the fact that, when the mortgagee took possession of the property, it was subject to an attachment which was invalidated by the bankruptcy proceedings. Nor does the mortgagor's consent to such taking of possession amount to a fraudulent transfer of such property, in the absence of an express finding to that effect."

Under the authority of this case, if the mortgagee was in possession when the creditor's attachment, being made within four months of the bankruptcy proceedings, was invalidated by the adjudication in bankruptcy, he would be entitled to all the goods that had been acquired as security for the payment of the loan for which the mortgage was given, so the vital question is: Was the mortgagee in possession?

[2] An attachment by copy lodged in the town clerk's office and made in accordance with the provisions of the statute of Vermont gives possession to the attaching officer. Barron v. Smith, 63 Vt. 121, 21 Atl. 269; National Bank of Chelsea v. Miller, 67 Vt. 66, 30 Atl. 700.

[3] In the case at bar, the possession of the attaching officer continued until it was dissolved by the adjudication. True it is that the mortgagee undertook, through a deputy sheriff, to take possession, but that was at a time when said attachment was in full force, and there was no delivery by the debtor. The mortgagee's physical possession was for only a part of a day. It is claimed here that his physical possession continued because he locked the store and kept the keys. These acts of the mortgagee never transferred the chattels in question to his possession. Before the adjudication all of said personal property was in the possession of the attaching officer, James O. Kendall. When that attachment was dissolved by the adjudication neither officer was in possession, hence possession reverted to the bankrupt debtor (there being no receiver), who, under the law, held it in trust for his bankrupt estate until the election and appointment of a trustee, then possession passed to the trustee.

The decision of the referee is affirmed.