HARRY H. ABRAHAM, EXR. *v.* GEORGE F. JONES, ADMR. ET AL.

Special Term at Rutland, November, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed January 2, 1935.

*Novak & Bloomer* for the plaintiff.

*Jones & Jones* for the defendants.

SLACK, J.   The action is contract to recover rent for real estate.   Trial by court.   Judgment for plaintiff against defendant Tyrrell, and judgment for defendant Jones.   Exceptions by plaintiff.

The material findings are these: Rachel Abraham, by an instrument in writing dated March 4, 1930, leased to Fred Tyrrell and Ned Tyrrell, copartners doing business under the firm name of Tyrrell & Company, certain real estate in the city of Rutland for the term of five years beginning March 15, 1930, for a rental of $250 per month, payable in advance.   Fred died January 16, 1933, and defendant Jones is administrator of his estate.   A claim for rent due and unpaid at the time of Fred's death was presented to, and allowed by, the commissioners on his estate.   This action is to recover rent that accrued subsequent to his death.   The lessor deceased before the bringing of this suit and plaintiff is executor of her estate.   Fred's estate has received no benefit from the lease since his decease, and Jones has not occupied the premises.

The sole question is whether, in the circumstances, this action can be maintained against the administrator of Fred's estate. The plaintiff insists that it can; the defendant Jones contends that such claim as plaintiff has, if any, should have been presented to the commissioners on Fred's estate, and cannot be enforced in this manner.

The procedure regarding claims of this nature is regulated entirely by statute in this State.   P. L. 2832 provides that, where letters testamentary or of administration are granted, the probate court shall appoint commissioners to receive, examine, and adjust the claims and demands of persons against the deceased, except in certain instances not here material.   P. L. 2834 provides that, such commissioners may try and decide upon

claims which by law survive against or in favor of executors or administrators, except claims for the possession of or title to real estate, and may examine and allow demands at their present value, which are payable at a future day, etc. P. L. 2849 provides that, when commissioners are appointed an action shall not be commenced or prosecuted against the executor or administrator, except actions of ejectment, replevin, etc. And P. L. 2850 provides that: ''Such actions'' (those first mentioned in P. L. 2849), ''commenced against the deceased person or against the executor or administrator and pending at the time commissioners are appointed, shall be discontinued, * * * and the claim embraced in such action may be presented to the commissioners,'' etc. Provision is likewise made for the disposition of contingent claims. See P. L. Chap. 128. Thus it is seen that, as is said in *Powers* v. *Powers' Estate,* 57 Vt. 49, our probate code has grown up into a system by itself, the leading idea of which is to confer upon the probate court exclusive jurisdiction in the settlements of estates. The effect of this system is concisely stated by Wheeler, J., in *University of Vermont, etc.* v. *Baxter's Estate,* 43 Vt. 645, thus: ''In this state no action, according to the course of the common law, is allowed against executors or administrators except ejectment, to recover some real estate, or replevin to recover some specific personal property, * * *. No other action can be prosecuted otherwise than by being presented to commissioners.'' It is their function to determine, in the first instance, the validity and amount of claims presented against, or in favor of, a deceased's estate, nothing more.

██ It appears that commissioners were appointed on Fred's estate, and had allowed a claim for rent due to the time of his death. No reason has been suggested why this claim could not have been presented to them. It was clearly provable under P. L. 2834, since it grew out of an absolute undertaking of decedent, *Kemp, Tr.* v. *Estate of Brock,* 96 Vt. 347, 119 Atl. 396; *Brown's Exr.* v. *Dunn's Estate,* 75 Vt. 264, 55 Atl. 364; *Lytle* v. *Bond's Estate,* 39 Vt. 388; *Admr. of Sargent* v. *Admr. of Kimball,* 37 Vt. 320, though to be performed at a future time, *Brown's Exr.* v. *Dunn's Estate, supra.* Had the suit been pending at the time the commissioners were appointed, it would necessarily have been discontinued as against the administrator under P. L. 2850. *Dow* v. *Batchelder et al.,* 45 Vt. 60; *Warner* v.

*Crane,* 16 Vt. 79.   There is no theory upon which it can be maintained against him.

*Judgment affirmed.*