HARRY H. ABRAHAM, EXR. *v.* GEORGE F. JONES, ADMR.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

*Novak & Bloomer* for the plaintiff.

*Jones & Jones* for the defendant.

SHERBURNE, J.   After the case of *Harry H. Abraham, Exr.* v. *George F. Jones, Admr., et al.,* had been ended by the judgment of this court, 107 Vt. 77, 176 Atl. 310, the plaintiff, on January 23, 1935, filed a petition with the Probate Court asking to have the commission in the estate of Fred Tyrrell, of which the defendant is administrator, reopened for the purpose of permitting the plaintiff to file a claim before the commissioners on said estate for rent since January 11, 1933.   This petition was denied for the reason that two years had expired since the date of the appointment of commissioners upon said estate.   See P. L. 2839.   Whereupon this proceeding was commenced.   From a decree dismissing the bill of complaint the plaintiff has appealed.

372

Commissioners were appointed upon the estate of Fred Tyrrell on January 21, 1933. The opinion in the former case was read in open court on January 2, 1935, but the judgment did not take effect until January 23, 1935. The other facts sufficiently appear in the opinion in the former case.

The plaintiff in his brief says that the "case boils itself down to one question, namely: Can equity afford relief to a creditor who has followed customary procedure which eventually is determined by the Supreme Court as erroneous, but which decision by final judgment does not become final until after the termination of the statutory period for the presentation of claims against the estate?"

Plaintiff's brief is very inadequate. As a justification for the former suit at law he says that it had some sanction with respect to the general law, and cites several pages of Corpus Juris, on each of which several propositions are set forth, but we assume that he means that at common law, as well as in some other jurisdictions, such a suit may be maintained. So far as Vermont is concerned, such is not a customary procedure, for, as appears from the cases cited in the opinion in the former case, it has long been established that such an action cannot be maintained.

The cases cited about waiting until final judgment in this court are not in point. Nor does the case of *Dickey* v. *Corliss*, 41 Vt. 127, avail the plaintiff. That was a case where the claimant presented certain notes to the commissioners upon an estate to which no objection was made, but the commissioners failed to act upon the claim or to include it in their report or to intimate anything adverse to its allowance. It was held that the claimant was entitled to relief in equity upon the grounds of accident and mistake. In the case before us the findings are bare of any facts that entitle the plaintiff to relief in equity.

*Decree affirmed, and cause remanded.*