## DOMBROWSKI v. DUNN.

### No. 443.

District Court, D. Vermont.

Nov. 18, 1946.

Edwin W. Lawrence and Harold I. O'Brien, both of Rutland, Vt., for plaintiff.

Joseph A. McNamara and Robert Larrow, both of Burlington, Vt., for defendant.

LEAMY, District Judge.

The accident, out of which this suit arises, occurred in New York City on July 31, 1941, at which time the plaintiff claims that he suffered injury through the negligence of an employee of Thomas F. Dunn. Suit was instituted by the plaintiff against Dunn in the Supreme Court of Queens County, New York, on January 30, 1942, and the action was still pending and untried in that Court on November 4, 1942, on which date, Thomas F. Dunn died, a resident of Stamford, Vermont, in the Probate District of Bennington.

On December 9, 1942, Mary P. Dunn, the defendant herein, was appointed executrix of his estate, and on December 16, 1942, commissioners were duly appointed to receive and examine claims against the deceased. On November 17, 1943, the executrix filed her final account and on November 26, 1943, the Probate Court entered its final decree.

On March 24, 1944, the suit in Queens County, New York, was marked "Abated." The suit in this Court was filed on July 8, 1944, and the defendant has moved that it be dismissed on the grounds that there is a lack of jurisdiction, since the claim should have been presented to the Commissioners of the estate, appointed by the Probate Court for that purpose, and cannot be enforced in this Court.

In Vermont, the procedure regarding claims against the estate of a deceased person is regulated entirely by Statute. P. L. 2832 provides that, where letters testamentary or of administration are granted, the probate court shall appoint commissioners to receive, examine and adjust the claims and demands of persons

against the deceased. P.L. 2834 provides that, such commissioners may try and decide upon claims which by law survive against or in favor of executors or administrators, except claims for the possession of or title to real estate, and may examine and allow demands at their present value, etc. P.L. 2849 provides that, when commissioners are appointed an action shall not be commenced or prosecuted against the executor or administrator, except actions of ejectment or other actions to recover seisin and possession of real estate, and actions of replevin. And P.L. 2850 provides that, "Such actions, commenced against the deceased person or against the executor or administrator and pending at the time the commissioners are appointed, shall be discontinued * * * and the claim embraced in such action may be presented to the commissioners," etc.

■ Although my attention has not been directed in particular to any decision of the Vermont Supreme Court holding directly that a claim in tort for negligence must be presented to the commissioners of an estate, yet it is apparent that the statutory regulations are all embracing and require that all claims, except ejectment and replevin, must be so presented.

In Abraham, Ex'r, v. Jones, Adm'r, et al., 107 Vt. 77, 79, 176 A. 310, 311, the Court said: "Thus it is seen that, as is said in Powers v. Powers' Estate, 57 Vt. 49, our Probate Code has grown up into a system by itself, the leading idea of which is to confer upon the probate court exclusive jurisdiction in the settlement of estates. The effect of this system is concisely stated by Wheeler, J., in University of Vermont, etc., v. Baxter's Estate, 43 Vt. 645, thus: 'In this state no action, according to the course of the common law, is allowed against executors or administrators except ejectment, to recover some real estate, or replevin to recover some specific personal property. * * *. No other action can be prosecuted otherwise than by being presented to commissioners.' It is their function to determine, in the first instance, the validity and amount of claims presented against, or in favor of, a deceased's estate,—nothing more.".

■ The plaintiff contends however, that, regardless of the statutory requirements in Vermont, that the laws of the State of New York, where the accident occurred, authorize a suit against the executor. He relies upon Section 118 of the Decedent Estate Law of New York, Consol. Laws, c. 13, the pertinent portion of which is as follows:

"No cause of action for injury to person or property shall be lost because of the death of a person liable for the injury. For any injury an action may be brought by or continued against the executor or administrator of the deceased person, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injuries."

But in this he fails to differentiate between the right and the remedy, because assuming, but without deciding, that the plaintiff came to Vermont clothed with a right which, under the above statute, survived the death of Dunn, that right can be enforced, in Vermont, only in accordance with the laws of Vermont. His right to recover for the alleged injury and his right to recover after the death of Dunn, are determined by the law of New York, but his method of recovery is determined by the law of Vermont.

■ This is the general and long established principle, that matters respecting the remedy, such as the form of action, sufficiency of the pleadings, rules of evidence, the statute of limitations, etc., depend upon the law of the place where the suit is brought. Thus, while the substantive rights of the parties hereto are governed by the lex loci, or law of the place where the right was acquired or the liability was incurred, the lex fori, or law of the jurisdiction in which relief is sought, controls as to all matters pertaining to remedial, as distinguished from substantive rights. The rule of comity extends to substantive rights only and does not in general apply to remedies. Each state regulates its own jurisprudence in its own way, and procedural statutes cannot be given extraterritorial effect. Litigants who, although non-residents, resort to the courts of a state or are compelled to appear therein may not insist upon

the trial of their rights by some other or different rules of procedure which may prevail in the state in which the cause of action arose. In Coral Gables, Inc., v. Christopher, 108 Vt. 414, 189 A. 147, 148, 109 A.L.R. 474, which was a suit on a promissory note executed in Florida, the Court in discussing this rule held as follows: "The note is, of course, a Florida contract; and the rights of the parties thereunder are to be established by the laws of that state, * * *. But the plaintiff seeks its remedy in this state and under our laws. Having appealed to our laws, it must abide by our laws. Whatever pertains to the remedy is to be determined by the law of the forum alone. This is so because each state regulates its own jurisprudence in its own way. It has its own way of enforcing rights and redressing wrongs. This in no way depends upon what the parties have agreed to, but to the policy of the law of the forum as a matter of its internal police. The statute of limitations affects the remedy only, and the question whether this action is barred thereby is to be determined by the law of this state."

And this rule, which has been embodied by the American Law Institute in its Restatement of the Law of Conflict of Laws, obtains whether the action is on contract or for tort. See Restatement, Conflict of Laws, Sec. 585 et seq.

Nor is this rule at variance with the holdings in Wellman, Adm'r, v. Mead, 93 Vt. 322, 107 A. 396 and Brown, Adm'r, v. Perry, 104 Vt. 66, 156 A. 910, 913, 77 A.L.R. 1294, relied upon by the plaintiff in his brief. In the Wellman case the Court held that a Massachusetts statute on which suit was instituted was remedial and not penal; and, as establishing the substantive rights of the plaintiff, would be enforced in Vermont since it was not contrary to the public policy of the state. The question was as to the right and not as to the remedy. In the Brown case, where suit had been instituted on a New Hampshire statute, the Court again held that since the right had become fixed and liability incurred in New Hampshire, that it might be enforced in Vermont, so long as the statute under which the cause of action arose was not inconsistent with our public policy. Here again

the question was as to the right and not as to the remedy, although it should be noted that the court held that enforcement must be in a court "Which has jurisdiction of such matters."

Nor are the provisions of P.L. 2855 and P.L. 2856, cited by the plaintiff in his brief, of any help to him. P.L. 2855 provides that "if, in an action for the recovery of damages for a bodily hurt or injury, occasioned to the plaintiff by the act or default of the defendant or defendants, either party dies during the pending of such action, the action shall survive and may be prosecuted to final judgment by or against the executors or administrators of such deceased party; but when there are several defendants in such action, and one or more, but not all, die, it shall be prosecuted against the surviving defendant or defendants only." While P.L. 2856 provides that "the causes of action mentioned in the two preceding sections shall survive; and the actions may be commenced and prosecuted, or, when commenced in the lifetime of the deceased, may be prosecuted by or against the executor or administrator, where by law that mode of prosecution is authorized; and, when commissioners are appointed, claims on which such actions might be founded, may be presented and prosecuted before the commissioners, except actions of ejectment or other actions for the recovery of the seisin or possession of lands and actions of replevin."

If a right of action survives to the plaintiff, it survives by virtue of the law of New York where the right was acquired and not because of the provisions of any Vermont statute. But even if this were not so and survival obtained by reason of these statutes, they would be of little help to the plaintiff since the only provisions of the statutes which seem at all to permit a suit against an executor, have reference to the survival of an action pending at the time of the death of a party, whereas the instant suit was not instituted until many months after the death of Dunn.

Since therefore, the Probate Court for the District of Bennington has original and exclusive jurisdiction over the settlement of the estate of Thomas F. Dunn, it follows

that this Court is without jurisdiction and that the motion to dismiss must be granted.

Let the entry be "Motion to dismiss for lack of jurisdiction is granted."