### D. K. PANGBORN *v.* O. H. SAXTON.

CHITTENDEN,
*January,*
1839.

P. agreed to make an organ case for L. and delivered it to him before it was finished, and charged it to him on book.  L. sold it to S. who agreed to pay P. the sum of 45 dollars, and S. informed P. of the agreement, upon which P. erased his charge against L. and made a charge directly to S.  Held that P. might maintain an action on book against S.

THIS was an action of book account.  The charge in dispute was for an organ case.  The auditor reported the following facts, viz. that the case was made by the plaintiff for one Lewis, and charged to him on book.  Lewis afterwards sold it to the defendant, who agreed with Lewis to pay plaintiff $45, and gave plaintiff notice of such agreement; upon which the plaintiff altered the charge on his book, erasing Lewis's name and substituting that of the defendant.  At the time of the delivery of the case, it was not wholly finished, being without the pillars, feet and a part of the trimmings, which were, after the transfer from Lewis to defendant, taken by the plaintiff to defendant's office.

The auditor disallowed the charge.  The county court overruled the decision of the auditor, and rendered judgment for the plaintiff for the amount of his charge; to which judgment the defendant excepted.

*Maeck & Smalley,* for defendant, contended,

1. That, on general principles, the plaintiff could not recover, and cited Hammond's parties to actions, part 1, chap. 1, sect. 1, and cases there cited.

2. That the case was within the statute of frauds.  *Simpson* v. *Patten,* 4 Johns. Rep. 42.  *Fish* v. *Hutchinson,* 2 Wil. Rep. 94.  *Johnson* v. *Rayner,* 12 Johns. Rep. 291. T. Raym. Rep. 210.

3. That, at all events, book account would not lie, inasmuch as the defendant did not purchase the article in question of plaintiff, and there was no privity between the parties.

*C. D. Kasson* for plaintiff.

1. The discharge of Lewis, and the charge to the defendant, furnished a new and distinct consideration for the defendant's promise, and takes the case out of the statute of frauds.  Chit. on Con. 202, 204, 1. New Rep. 124. *Browning et al.* v. *Stallard,* 5 Taun. Rep. 450.  1 Bur. Rep. 373.  10 Johns. Rep. 412.

2. The contract with Lewis was never completed. The organ case was not finished until after the transfer to the defendant. The plaintiff had a lien upon it, till finished. *Ward* v. *Shaw*, 7 Wen. Rep. 404. *Mucklaw et al.* v. *Mangles*, 1 Taun. Rep. 318. *Chapman* v. *Lathrop*, 6 Cowen's Rep. 110. *Bird* v. *Gammon*, 32, Com. Law Rep. 366. 3 Esp. Rep. 87.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case is whether the plaintiff can maintain an action on book against the defendant. As we view the facts, presented by the auditor, the case is clearly with the plaintiff. As they were considered by the counsel for the defendant, we think the plaintiff might maintain an action in his own name against the defendant, though it might be doubtful whether the present action would have been the appropriate one. The case, as presented by the defendant's counsel, will be first considered.

Treating the transaction as a sale from the plaintiff to Lewis, and then a sale by Lewis to Saxton, on the consideration that Saxton should pay to the plaintiff, which was notified to the plaintiff by Saxton, the defendant, there are not wanting authorities, which would justify a suit in the name of the plaintiff against the defendant.

The general rule is, as stated by the defendant's counsel, that where the promise was made to the person from whom the consideration moved, he must bring the action for the breach. The legal interest in a contract is considered as in him from whom the consideration moves, notwithstanding it may be to be performed to another and for another's benefit. There are cases, however, which seem to be opposed to the rule, and which, by an eminent writer, are considered as of doubtful authority. As where one gives money to another to pay over to a third person, that person may sue for it, as the money has become his property, and the person who received it is treated as his bailee. This principle was recognized and established on the last circuit in Rutland county, in the case of *Crampton* v. *Ballard's Admr.* 10 Vt. Rep. 251.

There is a case in Rolle's Abr. which is said to be like the one above named, or to be founded on the same principle. Where A. gave B. goods, valued at eighty pounds, on con-

sideration to pay out of it twenty pounds to C., C. was al-
lowed to sue B. for non-payment. If this case has not been
overruled and is an authority in a case similar, it would
warrant a recovery in the present case by this plaintiff
against the defendant. Although it may be an exception to
the general rule, yet it furnishes a rule for all cases like the
excepted one.

But, in the present case, it appears that the organ case, in
an unfinished state, was delivered by the plaintiff to Lewis,
and although it was charged, yet the contract was inchoate
and incomplete. The plaintiff was under no obligation to com-
plete the case until he received his pay, nor was Lewis under
obligation to pay until it was completed. Lewis then sells to
the defendant, who agrees to pay the plaintiff the sum of
$45. The defendant, himself, gave notice of this transac-
tion between him and Lewis to the plaintiff, who thereupon
discharged Lewis, by erasing his name from the charge and
inserted that of the defendant, thus adopting the transaction
between Lewis and the defendant. After this, the pillars,
trimmings, &c. to finish the case, were delivered by the
plaintiff to the defendant, or left at his office. By the con-
sent of the plaintiff, Lewis and the defendant, the case was
sold and charged to the defendant, and completed and de-
livered to him. The plaintiff accepted him as his debtor for
the case, and for the recovery of the sum, agreed by the
defendant to be paid to the plaintiff, viz. the sum of $45,
the action on book is the proper action. The judgment of
the county court must therefore be affirmed.