### HENRY McPECK *v.* J. G. MOORE.

#### *Contract.    Apprenticeship.    Parties.*

Plaintiff apprenticed himself to the defendant for a term of years, "to learn the art
and trade of finishing marble, but to do such other chores and labor, when re-
quired," as might be necessary to defendant, and covenanted to "serve his master
faithfully,  .   .   .   obey his lawful commands," and behave himself in all things
as a faithful apprentice should.   After plaintiff had worked awhile, defendant re-
quested him to go into the cellar under the shop and open and repair a drain, that
the water might run off.   Plaintiff refused, whereupon defendant refused to give
him further work till he had done as requested, although plaintiff was willing and
offered to continue.   Plaintiff thereupon brought assumpsit in common counts.
*Held*, that the service required came within the express terms of the contract, and
was, besides, such service as might reasonably be required of an apprentice in the
absence of express stipulation, and that the contract was entire, so that if wrong-
fully broken by plaintiff, he could recover nothing, but, if by defendant, he could
recover compensatory damages.

Before plaintiff began work he made a written assignment of his wages, which
defendant accepted, promising to pay to the assignee whatever might become due
to plaintiff under the contract.   *Held*, that there was a completed novation of
parties, whereby the right of action was vested in the assignee, so that he alone
could sue.

GENERAL ASSUMPSIT.    Plea, the general issue, and trial by
the court at the September Term, 1877, Franklin County, ROYCE,
J., presiding.

It appeared that on September 18, 1876, the plaintiff appren-
ticed himself by indenture to the defendant for the term of three

years, " to learn the art and trade of finishing marble, but to do such other chores and labor when required," as might be necessary to the defendant, covenanting that during said term " he would serve his master faithfully, keep his secrets and obey his lawful commands," and that " in all things he would behave himself as a faithful apprentice ought to do during said term." The defendant covenanted to pay the plaintiff " at the rate of one dollar per day (Sundays excepted) " during the term.

Before the plaintiff began work under that agreement he made a written assignment of his pay thereunder to his brother, John McPeck, which the defendant accepted, promising to pay to the assignee whatever might become due to the plaintiff. But nothing was ever paid to the assignee. The plaintiff worked under the agreement sixty days, when the defendant requested the plaintiff to go into the cellar under the work-shop and open and repair a drain, that the water might run off, which he refused to do, whereupon the defendant refused to furnish the plaintiff further work until he had done as requested, although the plaintiff was ready and willing and offered to continue. Thereupon the plaintiff brought this action.

The court held that the defendant could not reasonably demand such service of the plaintiff, and that the plaintiff was justified in refusing to obey the defendant's command, and, on the defendant's refusal to furnish further work, was justified in leaving the defendant's employment; that the plaintiff could recover, notwithstanding the assignment and promise to his brother; and that he could recover at the rate of $1 per day for sixty days. Exceptions by defendant.

The court found that the plaintiff's services were actually worth to the defendant fifty cents a day while he worked.

*W. Farrington,* for the defendant.

The right of action is in the plaintiff's brother, and not in the plaintiff. 2 Chit. Con. 1372–1380 and notes. *Allis* v. *Jewell,* 36 Vt. 547, and cases there cited.

The contract was entire, and was broken by the plaintiff without cause. The work that he was required to do came within

the terms of the contract. *Ripley* v. *Chipman*, 13 Vt. 268; *Brandon Manufacturing Co.* v. *Morse*, 48 Vt. 322.

If the plaintiff is entitled to recover, it is upon the *quantum meruit*.

*M. Buck*, for the plaintiff.

The contract was not entire. It should be construed with reference to its general purpose. *Lowry* v. *Adams*, 22 Vt. 160.

The defendant wrongfully dismissed the plaintiff. "Other chores and labor" cannot mean general labor. Such a construction would defeat the purpose of the indenture.

The assignment did not take from the plaintiff the right of action in his own name.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff apprenticed himself to the defendant to learn the art of working and polishing marble for the *full* term of three years. The plaintiff covenanted with the defendant that during said term " he would serve his master faithfully, keep his secrets, and obey his lawful commands." And he further promised that " in all things he would behave himself as a faithful apprentice ought to do during said term." The contract further recites that the plaintiff is to " learn the art and trade of finishing marble, but to do *such other chores* and *labor* when required as will become necessary for the said Moore." The defendant covenanted to pay the plaintiff " at the *rate* of one dollar per day (Sundays excepted) " during said term. The exceptions state that before plaintiff began work, he assigned in writing his pay under the contract to his brother, John McPeck, which the defendant accepted and promised to pay to the said John.

I. There is nothing in the record that intimates or suggests that the defendant's requirement of the plaintiff was *unreasonable* service, or that it was outside of the ordinary and expected service of an apprentice. It pertained to the comfort and convenience of the shop in which his service was rendered, and, for aught that appears, it was work that he could readily do, and in

brief time. It was "chores and other labor" within the express terms of the contract, and, as we think, without any express stipulation, it was such service as might reasonably be required of an apprentice.

II. The contract was *entire*, for a stated term of service, and if broken without cause by the plaintiff, no recovery can be had ; and if an end was put to the contract by the wrongful act of the defendant, then plaintiff should recover such damages as would compensate him for such wrongful breach of the contract.

III. The beneficial interest in the contract was assigned to John McPeck, which defendant accepted, and *promised* to pay to him all that should accrue to the plaintiff under the contract. This makes a completed novation of parties, and the right of action was vested in the assignee, and he alone could sue.

The result is that the judgment of the County Court is reversed, and judgment for the defendant to recover his costs.