LUKE CURLEY, APPELLANT, v. JAMES HAND'S ESTATE,
APPELLEE.

Contingent Claim. Indorsement. Probate Court.

1. An indorsement may be allowed as a contingent claim under the statute by the Probate Court against the estate of a deceased person.
2. Lytle v. Bond's Est., 39 Vt. 388, where the claim became absolute by the indorser paying it, and should have been presented as such,—distinguished.
3. Gen. Sts. c. 53, s. 45 (R. L. s. 2204), contingent claim, indorsement,—construed.

APPEAL from the order of the Probate Court. Heard at the April Term, 1880, ROYCE, J., presiding. The County Court affirmed the order of the Probate Court disallowing the claim. The facts are sufficiently stated in the opinion of the court.

E. A. Sowles, for the plaintiff.

*M. J. Hill*, for the defendant, cited Gen. Sts. c. 53, s. 45; *Waterman, Guard.*, v. *Wright*, 36 Vt. 164; *Admr. Sargent* v. *Admr. Kimball*, 37 Vt. 320; *Lytle* v. *Bond's Estate*, 39 Vt. 388.

The contingency contemplated by the statute is the same as in the analogous statute relating to the trustee process, and must be such as to affect the debt itself. *Burke* v. *Whitcomb & Tr.*, 13 Vt. 421; *Downer* v. *Topliff & Tr.*, 19 Vt. 399; *Dwinnell* v. *Stone & Tr.*, 30 Me. 338; *Downer* v. *Curtis & Tr.*, 25 Vt. 650.

The opinion of the court was delivered by

VEAZEY, J. This was an appeal from an order of the Probate Court disallowing a claim presented by the plaintiff against the defendant estate. The claim was based on a promissory note which James Hand executed to the plaintiff. The latter indorsed it during the life of Hand, waiving demand and notice, to Hiram Bellows, for valuable consideration. Hand died, and commissioners were duly appointed on his estate. Bellows died while the holder and owner of the note; and his executor did not present the note as a claim to the commissioners of Hand's estate for allowance. After they made their final report the plaintiff presented it to the Probate Court for allowance as a contingent claim.

The defendant insists that this debt is not affected with such contingency as is contemplated by the statute; that the contingency contemplated is the same as that in the statute relating to trustee process, and must be such as to affect the debt itself; and no other ground of defence is suggested. By the terms of the statute the claim of a surety against the estate of his deceased principal is a contingent claim, yet the principal owes nothing to the surety until the latter has paid the debt. The liability to the surety is contingent upon payment by him.

An indorser stands in substantially the same relation to the debt as a surety so far as concerns the element of contingency. He is liable to the holder, yet has no absolute claim against the estate of the maker until he pays the note. His claim is contingent upon the enforcement of the note against him. Therefore it is plainly within the spirit and just object of the statute, and

within the definition of a contingent claim as given by Ch. Justice POLAND in *Admr. of Sargent* against the *Admr. of Kimball*, 37 Vt. 320.   He says :—" A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability."   In this case the liability referred to in this definition would be that of the estate to the endorser ; the future event on which the liability depends would be the enforcement of the note against the latter, which may or may not happen.   If it does, the indorser should be reimbursed out of the estate.

In *Lytle* v. *Bond's Estate*, 39 Vt. 388, cited by defendant, the note was presented for allowance by the indorser as a contingent claim, and it was disallowed because it had become absolute by the indorser paying it before the commission closed and it could have been allowed by the commissioners as an absolute claim and should have been presented as such.   But no suggestion was made by counsel or court that it was not a contingent claim as to the indorser before he made it absolute by payment.

The reason why this plaintiff should have this claim allowed as a contingent claim, and yet the estate of Hand not be liable as trustee of the plaintiff is plain.   There is nothing due the plaintiff until he pays the note, and he may never pay it.   There is no contingency about the debt.   It is due absolutely from the estate. But a certain contingency must happen before it becomes a debt due the indorser.   When that contingency happens the debt becomes absolute as to him.   It is all the while trusteeable in a suit against the party entitled to have it allowed as an absolute claim, whichever he may be.

Under the trustee statute, the party cannot be holden as trustee if his liability depends on any contingency.

Under this statute providing for the allowance of contingent claims, if there is an outstanding claim against the estate which is now due to some other party, but which, upon the happening of some future event apparently liable, will become due to the contingent claimant instead of such other party, and which event may or may not happen, then he is entitled to have it allowed as a contingent claim.

The judgment of the County Court is reversed, and judgment that the claim as presented to the Probate Court is a contingent claim within the meaning of the statute, and let this be certified to that court.