ELLEN S. HOLDRIDGE, Admx., v. JEHIEL HOLDRIDGE's ESTATE.

*Statute of Limitations. Evidence. Variance. Gen. Sts. c. 30, s. 60 (R. L. s. 1391). Plea in Abatement.*

1. The question being whether the Statute of Limitations had run on an award, and this turned on the fact whether a daughter was authorized by her father to make a payment; *held*, that the County Court was warranted in finding that she was so authorized, from the facts, that the evidence tended to show that she was authorized to *transact other business* quite as important; that she professed to act in his behalf; that she took the receipt in his name; and that his health was such that it was natural she should so act.

2. The Supreme Court will not pass upon the question of *variance* between the declaration and the evidence,* when the exceptions do not show the *particular variance* upon which the court passed, and in *what particular* it was *claimed* that the evidence *varied* from the declaration.

3. Gen. Sts. c. 30, s. 60, (R. L. s. 1391,) as to *variance*, construed.

4. A *technical* defence cannot be made *by giving notice* under the statute; but only by *plea in abatement*, or some *other proper plea*.

5. By pleading the *general issue* the defendant *waives* any objection to the plaintiff's right to appear and prosecute the suit.

6. Gen. Sts. c. 33, s. 15; Gen. Sts. c. 30, s. 32, (R. L. ss. 908, 909) as to pleading the general issue with notice, construed,

7. The proceedings before the Probate Court are not governed by the common-law rules as to parties or forms of action.

THIS case was tried at the September Term, 1880, by the court, ROYCE, J., presiding. It is an appeal from the decision of

---

* See *Morey* v. *King et al.*, 49 Vt. 311.—REP.

the commissioners of the estate of Jehiel Holdridge, late of St. Albans, deceased. The declaration is assumpsit upon a supposed award of G. H. Sheltus and S. H. Kellogg, claimed by the plaintiff, Ellen S. Holdridge, to have been made in her favor as administratrix of Oscar B. Holdridge's estate, against the said Jehiel Holdridge in his lifetime; and also contained the general counts in assumpsit. Plea, the general issue and Statute of Limitations, and notice of special matter. Replication, new promise.

The following is the award :  .

ST. ALBANS, Oct. 12, 1862.

We have agreed that Oscar shall have three hundred dollars for his time at home after his marriage.

(Signed)  G. H. SHELTUS,
S. H. KELLOGG.

The said award was presented before the commissioners of the estate of said Jehiel Holdridge, as a claim in favor of Oscar B. Holdridge's heirs, and was not presented as a claim in favor of the estate of Oscar B. Holdridge, nor as a claim in favor of the plaintiff; and the defendant claimed that for this reason the plaintiff could not sustain this suit, but the court ruled otherwise, to which ruling of the court the defendant excepted.

The other facts are sufficiently stated in the opinion of the court.

*R. O. Sturtevant* and *Davis & Stevens*, for the plaintiff, cited as to the award, *Ennos* v. *Pratt*, 26 Vt. 630 ; *Marsh* v. *Packer*, 20 Vt. 198 ; 27 Vt. 241 ; 1 Chit. Pl. 391. It was for the Probate Court to determine in whose name the appeal should be taken. 16 Vt. 223 ; 28 Vt. 627 ; Gen. Sts. 402, s. 19.

*H. A. Burt* and *Bryant Hall*, for the defendant.

This claim not having been presented to the commissioners of Jehiel Holdridge's estate, either as a claim in favor of Oscar B. Holdridge's estate, or as a claim in favor of the plaintiff, is barred by Gen. Sts. c. 53, s. 14. The presentation of a claim before commissioners is the commencement of the suit—and an appeal can be taken to the County Court only by the party in whose

name the claim was presented. The County Court has only appellate jurisdiction for rehearing such claims and only such as have been presented before the commissioners for allowance. *Adams et al.* v. *Adams et al., Admrs.,* 21 Vt. 162.

The award is void for uncertainty. 16 Vt. 450 ; 1 D. Chip. 227 ; 15 Vt. 215.

The opinion of the court was delivered by

Ross, J. The evidence tended to show that the daughter, Ursula, was authorized by her father to transact quite as important matters as the payment of the ten dollars on the award. The health of the father and other sister was such as rendered it natural to vest in her authority to transact all minor business. The evidence, together with the fact that she professed to act in his behalf, and took the receipt in the name of the father, was sufficient to warrant the County Court in finding that she was authorized to make the payment.

The question of variance between the declaration and evidence is not raised in such a manner as shows that the County Court committed any error. The exceptions do not show in what particular it was claimed that the evidence varied from the declaration. By sec. 60, chap. 30, Gen. Sts. variances between the evidence and pleadings are not to be regarded by the Supreme Court, unless " affecting the very right of the matter," except so far as the exceptions show they were passed upon in the County Court. From the exceptions we are told that the defendant insisted there was a fatal variance between the evidence and declaration ; but in what that variance consisted is not stated in the exceptions. An exception to the holding of the County Court on the ground of a general variance is not revisable by this court, unless " affecting the very right of the matter." The exceptions must show the particular variance upon which the County Court passed.

The only other exception insisted on, is in regard to whether the plaintiff can be allowed to prosecute the claim. The County Court have found that the claim was presented to the commissioners on the estate of Jehiel Holdridge as a claim in favor of Oscar B. Holdridge's heirs, and not as a claim in favor of the estate of

Oscar B. Holdridge, nor as a claim in favor of the plaintiff. The plaintiff is the administratrix on the estate of Oscar B. Holdridge, who left two sons as his heirs. His estate is still unsettled. The defendant appeared in the County Court and answered to the suit of the plaintiff; pleaded the general issue, and gave notice that he should rely upon the foregoing facts under the general issue, as a defence. Sec. 15, chap. 33, Gen. Sts., requires the defendant to give notice of certain matters therein specified, " operating to extinguish a right of action which once existed," in order to avail himself of them under the general issue. Sec. 32, chap. 30, Gen. Sts., allows a defendant to give notice of special matter of " defence or justification," under the plea of the general issue, and to avail himself of the same on trial. These provisions of the statute evidently were intended to apply only to a defence of the same character as that which could have been given under the general issue—a defence upon the merits. It has never been understood that they allowed a technical defence, as that the plaintiff, though the proper party to prosecute the cause of action stated in the declaration, had improperly come into the suit in the lower court. By appearing and pleading the general issue, the defendant waives any objection to the plaintiff's right to appear and prosecute the suit upon the cause of action set forth in the declaration. Objection to the plaintiff in this respect must be taken at the earliest opportunity, by plea in abatement, or some other proper plea, or it is waived. By pleading the general issue the defendant says in effect to the plaintiff, " I will try this cause of action with you upon its merits." He cannot thereafter be heard to say to the plaintiff, " I admit that you are the proper party to prosecute the action, but you have come to be the plaintiff in an irregular way, and that is all I propose to try." The two positions are incongruous and inconsistent, and would operate as a surprise. Hence this objection is not well taken by the defendant. But on the facts found by the County Court there was no error in its judgment in this respect. If the claim was presented to the commissioners as a claim in favor of the heirs of Oscar B. Holdridge, his estate being unsettled and the plaintiff being the administratrix thereon, she was the only proper party to repre-

sent the heirs and the estate in regard thereto. The Probate Court allowed the appeal in favor of the plaintiff, thereby recognizing her as the proper party to control as well as prosecute the claim. The proceedings before the Probate Court are not governed by common-law rules as to parties or forms of action. The purpose of the proceedings is the adjustment of all claims against the estate, preparatory to the settlement of the estate. If a claim should be presented by the wrong party, and it should appear to the Probate Court that it was a proper claim against the estate for adjustment, we know of no law nor practice that would prohibit the Probate Court from allowing the true party to appear and prosecute the claim. Although there is nothing in the appeal copies which shows that the plaintiff made formal application to the Probate Court to be allowed to enter and prosecute the claim presented in favor of the heirs of Oscar B. Holdridge's estate, from its allowance of an appeal thereon in her favor, it is to be presumed that she properly became the prosecutor of the claim in the Probate Court. If the debts against the estate of Oscar B. Holdridge have been otherwise paid, her prosecution of the claim is in the interest of his heirs.

The result is, we find no error in the proceedings of the County Court, and its judgment is affirmed and ordered to be certified to the Probate Court.