CHARLES DANO et al., v. GEORGE C. SESSIONS.

ADDISON COUNTY, 1893.

Before : TYLER, MUNSON, START AND THOMPSON, JJ.

*Variance. Sale by one, conveyance by another. Evidence.*

1.  No question of variance between the pleadings and evidence, which is not a substantial one, will be entertained in the supreme court, unless the exceptions show that it was brought to the attention of the court below and passed upon.

2.  The declaration alleged that the defendant sold the plaintiffs certain premises by falsely representing to them that the parcel contained much more land than it actually did. *Held*, that the introduction of a deed of the said premises from the defendant's brother, instead of from the defendant, was no substantial variance.

3.  In connection with this deed evidence was properly admitted that during the negotiations which led up to the sale the defendant informed the plaintiff that the land belonged to him, but that the title was in his brother, who would execute the conveyance.

Action on the case.   Trial by jury at the June term, 1892, TAFT, J., presiding.   Verdict and judgment for the plaintiffs.   The defendant excepts.   The case appears in the head notes and opinion.

*W. H. Bliss* for defendant.

The deed had no tendency to support the declaration. *Wright* v. *Geer*, 6 Vt. 151 ; *Vail* v. *Strong*, 10 Vt. 457 ; *Mann* v. *Birchard*, 40 Vt. 326.

*Stewart & Wilds* for the plaintiffs.

START, J.   The plaintiffs offered in evidence a warranty deed of the premises described in the declaration, executed by Hiram C. Sessions, a brother of the defendant, to the plaintiffs.   The defendant objected to the admission of this deed, on the ground that it did not support the declaration, and had no tendency to prove the contract set forth therein ; and after the evidence was closed the defendant moved the court to direct a verdict for the defendant, on the ground that the plaintiffs' evidence did not support their declaration, but fatally varied therefrom.

It does not appear that any particular variances between the declaration and evidence were pointed out to, or passed upon by, the county court.   R. L. § 1,391, provides that in cases brought by exceptions to the supreme court no question of variance between the pleadings in the suit and the evidence shall be heard, except such as it appears from the exceptions were raised and passed upon in the county court, unless such variance is material and substantial, affecting the right of the matter.   Under this statute it is not enough to move for a verdict on the ground of variance between the declaration and evidence, or to except to the admission of evidence on that ground, unless the variance is material and substantial, affecting the right of the matter. The exceptions must show that the particular variance relied upon was pointed out to, and passed upon by, the county court.   *Holdridge* v. *Holdridge's Estate,* 53 Vt. 546; *Morey* v. *King, Fuller & Co.,* 49 Vt. 304.

The variance urged is the failure to set out that the alleged sale was effected by the defendant's procuring a conveyance from his brother, Hiram C. Sessions.   The way and manner in which the defendant caused title to the premises to be conveyed to the plaintiffs, after he had induced them to purchase by fraudulently representing the number

of acres of land within certain metes and bounds, did not affect the right of action or the measure of damages. The plaintiffs did not claim to recover by reason of anything contained in the deed, and it cannot be said that the claimed variance in any way affected the defendant's rights or liability.

The case of *Deakin* v. *Underwood*, 37 Minn. 98 (5 Am. St. Rep. 827), was an action to compel specific performance of a contract for the sale of real estate. The plaintiff alleged that the defendant made the contract by A. B. Wilgus, his duly authorized agent and attorney in fact. The contract was signed, "O. W. Underwood, by A. B. Wilgus, Agent." The evidence showed that the authority to sell was given to the firm of A. B. Wilgus & Bros., a partnership composed of A. B. Wilgus and E. P. Wilgus. Mitchell, J., in delivering the opinion of the court, said: "It is claimed that upon this state of facts there was a failure of proof. But the material allegation of the complaint was that defendant had made this contract with plaintiff. It was not necessary to allege that it was made through an agent. It would have been enough to declare upon it generally as of the personal act of the principal. The substance of the issue was not whether the defendant had made the contract through an agent, but whether he had made it at all. Hence it cannot be said that there was a failure of proof. The most that can be possibly claimed is that there was a variance between the allegation and proof, but which could not, in this case, have misled the defendant to his prejudice, and therefore is not material."

This case was before this court at the February term, 1891, and it was then held that the action is not an action for the recovery of damages for a breach of contract, nor to enforce any of its provisions, but to recover damages resulting from the fraud of the defendant, which induced the plaintiffs to enter into it; that the gravamen of this complaint is that the

defendant fraudulently represented to them that within the metes and bounds described there were one hundred and sixty acres, when there were, as they claim, but twenty; that the plaintiffs may prove every material fact alleged in the declaration without proving title or want of title; and that the title to land is not involved in any issue presented by the declaration. *Dano et al.,* v. *Sessions,* 63 Vt. 405. By this construction of the cause of action alleged in the declaration, the plaintiffs, in making out their case, were required to prove the alleged false representations, their reliance upon them, their falsity, and the damage resulting to them therefrom; and, in connection with other evidence in the case, the deed was admissible upon these issues. The evidence tended to show that the defendant was the owner of the premises described in the declaration, but that the title was in his brother Hiram, and for this reason the deed would have to be executed by him. It would seem that these facts were disclosed during the negotiations for the sale. The alleged false representations were made in the course of these negotiations, and the plaintiffs had a right to show the negotiations in connection with which the false representations were made; and in so doing the manner in which the title was to be transferred was disclosed. It was permissible for the plaintiffs, in making out their case, to prove that the sale was consummated pursuant to these negotiations; for this purpose, and in connection with the transaction, the deed was admissible. The deed being admissible in connection with other evidence, it could not be rejected because it was not referred to in the declaration, or, standing alone, did not support the declaration.

It is claimed that a judgment in the present case would not be available to protect Hiram C. Sessions, if he were sued on the covenants in his deed. The record does not disclose any fact that tends to show that he is, or was ever, under any liability in respect to the matter alleged in the

declaration. It does not appear that he covenanted that any specific number of acres were contained within the metes and bounds set forth in his deed.

The plaintiffs' evidence tended to show that the premises belonged to the defendant, but the title was in his brother, Hiram C. Sessions, who would have to execute the deed, and that the trade was made, and the whole transaction substantially had, with the defendant. The defendant objected to this evidence on the ground that it was an attempt to contradict and vary the terms of a specialty by oral evidence contemporaneous therewith, and the same was received subject to his exception. This evidence does not contradict the deed. It does not show that the record title to the land was in the defendant. On the contrary, it shows that the title was in Hiram C. Sessions, and that he would have to execute the deed. The oral evidence and deed taken together show the negotiations that led to the sale and transfer of the title in the manner provided by the negotiations. The plaintiffs were not attempting to contradict a specialty; the suit was not brought on a specialty; nor were the contents of a specialty in issue. The specialty, the deed from Hiram C. Sessions to the plaintiffs, was properly in evidence for the purpose of showing a consummation of the sale, and as an incident in the transaction. The suit was founded on false representations, orally made by the defendant and orally provable by the plaintiffs, which were not proved or disproved by the deed. The oral declarations of the defendant, the negotiations that preceded the execution of the deed, with the deed, make the transaction intelligible, and support the issues presented by the pleadings.

*Judgment affirmed.*